UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KENNETH KLIPPENSTEIN,   *<br>   *<br>   Plaintiff,   *<br>   *<br>   v.   *<br>   *<br>NATIONAL ARCHIVES AND RECORDS *<br>ADMINISTRATION, *et al.*,   *<br>   *<br>   Defendants.   *<br>   * | Civil Action No.  1:23-cv-01083 (TSC) |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## **PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO CONSOLIDATE**

On 20 June 2023, Defendants National Archives and Records Administration and Colleen Shogan (collectively "NARA") filed a consolidated motion to dismiss this case and motion to consolidate this case with the related case *Citizens for Responsibility and Ethics in Washington v. DHS*, No. 22-3350 (D.D.C.) ("*CREW*"). Because these two motions are legally and procedurally distinct and responding to them together would create a disjointed and hard-to-read brief, Plaintiff Kenneth Klippenstein ("Klippenstein") is responding to the motions separately for ease of understanding.

In defense of its motion to consolidate, NARA writes a single page at the end of its brief, consisting of a paragraph of boilerplate language about consolidation and a paragraph grossly mischaracterizing the difference between the two cases. (Defs.' Mem. P & A. Supp. Mot. Dismiss or Consolidate, Dkt. #9-1, at 18 (filed June 20, 2023) [hereinafter NARA's Mem.].) While Klippenstein consented to the reassignment of this case to this Court pursuant to Local Rule 40.5(a)(3), he noted at the time that the two cases are still "separate and distinct in several meaningful ways," agreeing only "that they share enough attributes to satisfy the Local Rule."

(Pl.'s Stip. Reassignment, Dkt. #5 (filed Apr. 20, 2023).) Rather than proceeding accordingly, NARA elected to effectively refile its *CREW* brief, even down to attaching three declarations from that case as its sole evidentiary proffers. It then argued that if that argument failed, this Court should consolidate the two cases, without even explaining why consolidation would benefit either the Court or the parties beyond the brief boilerplate language at the beginning. The Court should deny this Motion.

As an initial matter, NARA's filing of this Motion is procedurally suspect. In addition to filing it as part of a dispositive motion, NARA inexplicably failed to even notify the undersigned of its intentions—let alone seek Klippenstein's position—despite the explicit mandate of Local Rule 7(m). Moreover, NARA appears to be intentionally avoiding filing this Motion in *CREW* itself for unknown reasons, even though CREW stands to be adversely affected by consolidation, as demonstrated below. Rather than filing a motion to consolidate in *CREW* several months ago when this case was assigned to Judge Kollar-Kotelly, as is prescribed by Local Rule 40.5(d), NARA instead filed a notice of related case which resulted in the reassignment of the case to this Court, apparently so that it could satisfy the letter of Local Rule 40.5(d) by then filing this Motion with "the judge to whom the earlier-numbered case is assigned" without actually filing it in the earlier-numbered case. Even now, CREW would be unaware that this Motion was even pending had the undersigned not informed its counsel, and the Court should not reward this legal maneuvering by granting NARA's Motion without first providing CREW an opportunity to respond, as is envisioned by Local Rule 40.5(d).

"The court has broad discretion in deciding whether to consolidate actions before it that involve 'common question[s] of law or fact.'" *Biochem Pharma, Inc. v. Emory Univ.*, 148 F. Supp. 2d 11, 13 (D.D.C. 2001) (quoting Fed. R. Civ. P. 42(a)). In considering motions to

2

consolidate, "[t]he court generally weighs the saving of time and effort that consolidation would produce against any inconvenience, delay, or expense that consolidation would cause." *Clayton v. D.C.*, 36 F. Supp. 3d 91, 94 (D.D.C. 2014). "Courts also consider (1) whether the relief sought varies substantially between the two actions; (2) whether defendants are being sued in different capacities; and (3) what would be gained by consolidation and what injury would be suffered by failure to consolidate." *Id.* "The party requesting consolidation bears the burden of showing that the balance weighs in favor of consolidation." *Id.* NARA has failed to meet its burden of showing that consolidation is merited.

As noted above, NARA does not even attempt to argue "what would be gained by consolidation and what injury would be suffered by failure to consolidate," *id.*, beyond the unadorned statement that "consolidation would promote judicial economy and efficient resolution of these disputes." (NARA's Mem. at 18.) Such a conclusory statement does not meet any burden, and the Court could deny this Motion on that ground alone.

However, the key infirmity of NARA's Motion is that it requires the Court to accept a characterization of the cases that is demonstrably false: "The questions of fact and law presented here fully overlap with those in *CREW*, which advances the same legal theory under the FRA and concerns all of the records at issue in this case. The only major distinction between the two cases is that this case seeks mandamus relief and *CREW* does not, but that makes no difference." (*Id.*) This statement is wrong in three ways.

First, while the same legal theory is involved in both cases, the statement that *CREW* "concerns all of the records at issue in this case" ignores the significant difference in scope between the two cases. While Klippenstein admits that the portion of this case which pertains to his first request regarding Secret Service text messages sent or received on 5-6 January 2021 is

3

identical in scope to the corresponding portion of *CREW*, the same cannot be said for the remainder of this case. The corresponding portion of *CREW* is expressly limited in scope to "alienated federal records from former DHS official Kenneth Cuccinelli's personal phone." Pl.'s Opp'n Defs.' Mot. Dismiss, Dkt. #10, at 12 (filed Apr. 3, 2023), *CREW*. Klippenstein's second request, however, was significantly broader in scope:

> [W]e request that NARA take immediate action to identify any government phones maintained by a DHS component which were migrated, transitioned, replaced, reset, or otherwise materially altered between November 2020 and April 2021 and ascertain that all text messages were properly backed up for those phones.

(Compl., Dkt. #1, ¶ 32 (filed Apr. 19, 2023).)

The two cases are materially distinct in three ways. First and foremost, CREW is only challenging NARA's failure to seek the Attorney General's assistance in recovering specific text messages from one former DHS official's phone, while this case is about NARA's failure to seek the Attorney General's assistance in recovering text messages from any phones across all of DHS from which messages were lost due to those phones being "migrated, transitioned, replaced, reset, or otherwise materially altered." Second, CREW only sought text messages which were lost "during the January 2021 'reset' of government mobile phones," Ltr. from Brewer to Thomas of 8/1/22 at 1, *available at* https://www.archives.gov/files/records-mgmt/resources/ud-2022-0055-dhs-open-letter.pdf (last accessed Aug. 8, 2023),[1] while Klippenstein used a six-month timeframe from November 2020 until April 2021 to encompass other migrations, resets, or alterations. Third, CREW similarly concerned itself only with text

---

[1] CREW's counsel has confirmed to the undersigned that the relevant scope of its case does not exceed the scope of the records described in this letter.

4

messages which were lost during a "reset" of DHS phones (*see id.*), while the scope of this case also encompasses phones which were "otherwise materially altered."[2]

This distinction highlights the second issue with NARA's characterization: while the plaintiffs' legal theory for relief is the same in both cases, NARA's justification for dismissal is patently *not*. NARA does rely on standing arguments in both cases, but a significant percentage of its standing argument is premised on the idea that Klippenstein's—and CREW's—complaints are not redressable because NARA and the affected agencies already investigated CREW's claims and recovered all the text messages which could be recovered. (NARA's Mem. at 8-10.) In order for this to be a relevant argument in *this* case, Klippenstein must have requested the same type of investigation and recovery for the same set of records, but, as noted above, he did not. Even assuming *arguendo* that this allegation would be probative in *CREW*—which it is not, but that dispute is beyond the scope of this brief—its applicability in the instant case would be partial at best, and the parties would still need to argue about what NARA did about the *other* parts of this case. Given that, as noted above, NARA's sole evidence in this case consists of declarations describing how it responded to CREW's request, it appears that what NARA did about the other parts of this case was nothing.

This distinction, for its part, provides the third reason that NARA's Motion should be denied. The two cases are in different procedural postures, both administratively and in litigation. NARA conducted an investigation that it claims to have completed in response to CREW's request, while it has offered no evidence that it has even *begun* an investigation in response to Klippenstein's request. At most it began an investigation into *most* of Klippenstein's request, while excluding any parts which differed from *CREW*. On the litigation side, the parties have

---

[2] This analysis assumes *arguendo* that "migrated, transitioned, [or] replaced" do not possess significantly different definitions than "reset." Klippenstein will accept this assumption gof the

fully briefed a motion to dismiss in *CREW*, while this case is still in the middle of such briefing. Moreover, due to the different scopes of the different cases, consolidation would unnecessarily delay relief for one or both plaintiffs. CREW could be delayed relief for a simpler request while the Court adjudicated Klippenstein's more complex request, while Klippenstein could be delayed relief for a request to one agency while the Court adjudicated CREW's complaint against several agencies.

In short, NARA has given the Court no good reason to consolidate these cases, and its attempt to do so in this procedurally novel fashion appears to be gamesmanship. If NARA believed that the cases should be consolidated, it should have filed a motion to consolidate before filing a dispositive motion so that the Court could resolve it cleanly. If NARA believed that consolidation would be proper only after the Court denied its dispositive motion, it should have waited until then and *then* filed a motion to consolidate instead of tacking the request onto a motion to dismiss as an "alternative" motion. Whatever the Court's beliefs in the abstract are about consolidation of these two cases, it cannot deny that it is a question for another day and not appropriate at this time.

For the foregoing reasons, the Court should deny NARA's Motion.

Date:   August 8, 2023

                                                   Respectfully submitted,

                                                  /s/ Kelly B. McClanahan  
                                               Kelly B. McClanahan, Esq.  
                                               D.C. Bar #984704  
                                               National Security Counselors  
                                               4702 Levada Terrace  
                                               Rockville, MD  20853  
                                               301-728-5908  
                                               240-681-2189 fax  
                                               Kel@NationalSecurityLaw.org  
                                               *Counsel for Plaintiff*

---

purposes of this dispute, although he reserves the right to make that argument in another context.