UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KENNETH KLIPPENSTEIN, <br><br> Plaintiff, <br><br> v. <br><br> NATIONAL ARCHIVES AND RECORDS ADMINISTRATION, *et al.*, <br><br> Defendants. | Civil Action No. 23-cv-1083 (TSC) |

## ORDER

Plaintiff Kenneth Klippenstein filed suit against Defendants the National Archives and Records Administration ("NARA") and its Archivist under the Administrative Procedure Act ("APA") and the Mandamus Act. Compl., ECF No. 1 ¶¶ 37–50. Plaintiff seeks an order requiring Defendants to initiate an enforcement action under the Federal Records Act ("FRA") to recover deleted text messages involving U.S. Secret Service and Department of Homeland Security ("DHS") officials related to the January 6, 2021, attack on the U.S. Capitol. *Id.* ¶¶ 6–10, 37–50. In April 2023, the parties stipulated that this case is related to *Citizens for Responsibility and Ethics in Washington v. Department of Homeland Security*, No. 22-cv-3350 (TSC) ("*CREW*"). *See* Notice of Related Case, ECF No. 4; Pl.'s Stipulation, ECF No. 5. Plaintiff in *CREW* also sought declaratory and injunctive relief under the APA and FRA arising from deleted text messages involving Secret Service and DHS officials related to the January 6, 2021, attack on the U.S. Capitol. Mem. Op., ECF No. 13 at 2–3. The court granted defendants' motion to dismiss in *CREW*, holding that plaintiff lacked Article III standing to bring its claims

related to text messages on agency-issued phones and that its claims related to text messages on a DHS official's personal phone failed to state a claim. *Id.* at 10–15, 19–23.

Plaintiff's claims here fail for the same reason as plaintiff's in *CREW*. *First*, Plaintiff lacks Article III standing to bring his claims related to the agency-issued phones because they are not redressable. As Defendants' declarations explain, the phones at issue were wiped and data is not likely to be recovered from them even if Defendants initiated enforcement actions. Armstrong Decl., ECF No. 9-2 ¶¶ 3–6; Brewer Decl., ECF No. 9-3 ¶¶ 24–30; Granger Decl., ECF No. 9-4 ¶¶ 12–15, 17–21; Mem. Op. at 10–15. *Second*, Plaintiff does have Article III standing for his claim arising from text messages on DHS official Cuccinelli's personal phone, which was not wiped, Granger Decl. ¶ 16; Mem. Op. at 16, but fails to state a claim under the APA because the FRA does not create a mandatory duty that the Archivist initiate an enforcement action when records are destroyed, Mem. Op. at 19–23. *Finally*, Plaintiff's mandamus claim lacks merit. To obtain mandamus relief, Plaintiff must show his "clear right to relief," Defendant's "clear duty to act," and that "there is no other adequate remedy available." *Baptist Mem'l Hosp. v. Sebelius*, 603 F.3d 57, 62 (D.C. Cir. 2010) (citation omitted). Plaintiff's mandamus claim therefore encounters the same problem as his APA claim: he has no "clear right to relief" and Defendant has no "clear duty to act."

For the foregoing reasons, Defendants' Motion to Dismiss, ECF No. 9, is hereby GRANTED. The case is hereby DISMISSED.

Date: March 19, 2024

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge